**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Traris Newman, | No. CV 12-00944-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. |  |
| City of Phoenix, body politic in the State of Arizona; Travis Aguirre, a policeman for the City of Phoenix Police Department; Anthony Daley, a policeman for the City of Phoenix Police Department, |  |
| Defendants. |  |

On September 14, 2012, we entered an order granting defendants' motion to dismiss without prejudice (doc. 19). We now have before us plaintiff's motion to amend the complaint (doc. 20), defendants' response (doc. 21), and plaintiff's reply (doc. 22).

A motion for leave to amend may be denied if it appears to be futile or legally insufficient. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Count one of plaintiff's proposed amended complaint asserts a cause of action under 42 U.S.C. § 1983 against Travis Aguirre, Anthony Daley, the City of Phoenix, the City of Phoenix Police Department ("Police Department"), and John and Jane Doe officers ("Doe Officers"). Plaintiff alleges that pursuant to their authority as police officers, defendants Aguirre and Daley beat, hit, and pummeled him for reasons related to racial profiling and

stereotyping of black males living in a high-crime, predominantly black neighborhood, in violation of his Fourth and Fourteenth Amendment rights. Proposed Amended Complaint ¶¶ 11, 18. Plaintiff further alleges that the City of Phoenix failed to implement or maintain policies which would have prohibited racial profiling, and that the Police Department and the Doe Officers failed to properly train and/or discipline defendants Aguirre and Daley. Viewing the factual allegations as true and construing them in the light most favorable to the plaintiff, we conclude that plaintiff has stated a § 1983 claim against defendants Aguirre and Daley. We discuss the validity of the § 1983 claim against the remaining defendants below.

Defendants argue that it would be futile to add the Police Department as a party because it is a non-jural entity that cannot be sued. The capacity of a party that is not an individual or corporation to be sued is governed "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). In Arizona, a governmental entity may be sued only if the legislature has so provided. Braillard v. Maricopa County, 224 Ariz. 481, 487, 232 P.3d 1263, 1269 (Ct. App. 2010). Because no Arizona statute confers on the Police Department the right to sue and be sued, it cannot be sued as a separate legal entity. Therefore, we deny plaintiff leave to add the Police Department as a party. The City of Phoenix is already joined.

Plaintiff also seeks to amend the complaint by adding the Doe Officers as defendants. Inclusion of fictitious parties is not favored in federal court, and is inconsistent with Fed. R. Civ. P. 10(a). Although we may give plaintiff an opportunity to identify unknown defendants through discovery, we may dismiss such defendants if the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.1999) (citation omitted). Here, plaintiff alleges that the Doe Officers are liable as supervisors of defendants Aguirre and Daley. A supervisor may be held liable under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff does not allege that the Doe

Officers were personally involved in violating his Fourth and Fourteenth Amendment rights. Plaintiff alleges the Doe Officers failed to properly train Aguirre and Daley regarding policies prohibiting racial profiling, but fails to plead facts to demonstrate a causal connection between the Doe Officers' actions and any constitutional deprivations. Therefore, plaintiff has not pled a valid claim against the Doe Officers. The motion to amend is denied with respect to adding the Doe Officers as defendants.

Count two of plaintiff's proposed amended complaint alleges that since his arrest, defendants "have stalked and harassed [him] and other members of his family all in violation of 42 U.S.C. 1983." Proposed Amended Complaint ¶ 20. To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that defendants, "acting under color of state law, caused the deprivation of a federal right." OSU Student Alliance v. Ray, 2012 WL 5200341, *4 (9th Cir. 2012). Here, plaintiff generally alleges that defendants' actions constitute "a violation of [his] civil and Constitutional rights pursuant to 42 U.S.C. Section 1983." Because plaintiff does not identify the specific federal right allegedly infringed, his second cause of action fails to state a claim under § 1983.

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiff's motion to amend (doc. 20). It is ordered **GRANTING** amendment to count one, **DENYING** leave to amend the complaint to include the Police Department and Jane and John Does as defendants, and **DENYING** amendment to count two.

**IT IS FURTHER ORDERED DISMISSING** count two. The only claim remaining in this action is count one against defendants Travis Aguirre, Anthony Daley, and the City of Phoenix.

DATED this 30th day of November, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -