**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Traris Newman,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>City of Phoenix, body politic in the State of Arizona; Travis Aguirre, a policeman for the City of Phoenix Police Department; Anthony Daley, a policeman for the City of Phoenix Police Department,<br><br>　　　　　Defendants. | No. CV-12-00944-PHX-FJM<br><br>**ORDER** |

　　　　We have before us defendants' partial motion to dismiss (doc. 28), plaintiff's response (doc. 30), and defendants' reply (doc. 32).

　　　　Count one of plaintiff's second amended complaint asserts that defendants violated his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated because the City of Phoenix ("the City") failed to properly train and supervise police officers Travis Aguirre and Anthony Daley.

　　　　A city may not be held liable for the acts of its officers under § 1983 unless it "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L.Ed.2d

1 611 (1978)). Bare allegations concerning "some unidentified government policy or custom" are no longer sufficient. Id. at 637 (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).  Here, the complaint is devoid of any allegations regarding a specific government policy, practice, or custom that was the "moving force" behind the alleged constitutional violations.  Plaintiff's broad assertion that the City "failed to properly train and supervise" the defendant officers is a conclusory allegation that fails to satisfy Iqbal. Therefore, the City may not be held liable for the defendant officers' alleged violations.

A city's failure to train employees regarding their legal duty to avoid violating citizens' rights may rise to the level of a "policy or custom" that is actionable under § 1983 only when it amounts to deliberate indifference. Connick v. Thompson, ––– U.S. –––, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011). Demonstrating deliberate indifference requires a showing that the city had "notice that a course of training is deficient in a particular respect," because without such notice a city "can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." Id. at –––, 131 S. Ct. at 1360.  Plaintiff's complaint does not contain any facts showing that the City had notice that its training or lack thereof could cause constitutional violations. In his response, plaintiff argues that the City must have had an established practice of ignoring police officers' constitutional violations because if the City had properly supervised the officers, the violations would not have occurred.  But plaintiff cannot demonstrate the existence of a "policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee." McDade v. West, 223 F.3d 1135, 1141 (9th Cir. 2000).  Instead, plaintiff must show that unconstitutional actions resulted from a "permanent and well settled" practice. Id. Here, plaintiff's allegations concern one incident which does not itself establish that the City had a "permanent and well settled" practice of discrimination. Therefore, we dismiss plaintiff's § 1983 claim against the City.

Because an action against a municipal officer in his official capacity is the functional equivalent of a direct action against a municipality, we also dismiss the §1983 claim against

the police officer defendants in their official capacities. See Stevens v. Mohave County, 2006 WL 2772635, *1 (2006).

**IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 28). The only claim remaining is the § 1983 claim against officers Aguirre and Daley in their individual capacities.

DATED this 8th day of May, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge